J-S10037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON ALLEGAR | : | |
| | : | |
| Appellant | : | No. 2534 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 15, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No.:  CP-48-CR-0002710-2020

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 17, 2023**

Appellant Jason Allegar appeals from the August 15, 2022 judgment of sentence entered in the Court of Common Pleas of Northampton County ("trial court"), following his guilty plea to unlawful contact with a minor, indecent assault—complainant less than 13 years old, and corruption of minors.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  In connection with the repeated sexual abuse of a young female, on March 1, 2022, Appellant pled guilty to the aforementioned crimes.[2]  The trial court directed that an assessment be completed by the Pennsylvania Sexual Offenders Assessment Board ("SOAB") to determine whether Appellant be

_____

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 3126(a)(7) and 6301(a)(1)(ii), respectively.

[2] In exchange for the guilty plea, the Commonwealth withdrew a plethora of other sex offense charges.  **See** N.T., Guilty Plea, 3/1/22, at 2.

classified as a sexually violent predator ("SVP"). On June 10, 2022, the Commonwealth filed a praecipe, noticing its intent under 42 Pa.C.S.A. § 9799.24(e)(1) to classify Appellant as an SVP. On August 15, 2022, based on the evidence presented, the trial court determined Appellant to be an SVP and sentenced him to an aggregate term of 10 to 20 years' imprisonment. On August 17, 2022, Appellant filed a motion for reconsideration of sentence, challenging the discretionary aspects of his sentence. On September 19, 2022, the trial court denied Appellant's reconsideration motion. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents a single issue for our review.

[I.] Did the trial court err when it imposed a sentence inconsistent with the Sentencing Code and/or contrary to the fundamental norms which underlie the sentencing procedure, in that said sentence constituted an abuse of discretion because the sentence imposed represented an unreasonable and excessive sentence which failed to consider mitigating factors.

Appellant's Brief at 6 (unnecessary capitalizations omitted).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa.

Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa.

Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super.

2006)). Whether a particular issue constitutes a substantial question about

the appropriateness of sentence is a question to be evaluated on a case-by-

case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super.

2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-

part **Moury** test. Appellant filed a timely appeal to this Court, preserved

generally the issue on appeal through his post-sentence motions, and included

a Pa.R.A.P. 2119(f) statement in his brief.[3] We, therefore, must determine

only if Appellant's sentencing issues raise a substantial question.

---

[3] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), ***aff'd***, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]"

*Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant principally asserts in his Rule 2119(f) statement that (1) his sentence is excessive because the court did not consider mitigating factors, such as his history of mental illness, lack of prior record, and community ties; and (2) the trial court should have imposed concurrent, rather than consecutive, sentences. Based on his 2119(f) statement, we conclude that Appellant has failed to raise a substantial question.

As noted, Appellant's excessiveness claim is premised on his argument that the trial court failed to consider his mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court

failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on inadequate consideration of mitigating factors.

Even if we were to find a substantial question, Appellant still would not be entitled to relief. First, Appellant's aggregate sentence of 10 to 20 years' imprisonment was in the standard range. Second, it is well-settled that "[w]here[, as here,] the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171. Indeed, our review of the sentencing transcript reveals that the trial court heard testimony and argument concerning Appellant's mitigating circumstances, especially his history of mental illness, lack of prior record, and community ties. *See* N.T., Sentencing, 8/15/22, at 9-11, 15. Accordingly, Appellant's sentencing claim based on insufficient consideration of mitigating factors lacks merit.

Moreover, we consistently have recognized that excessiveness claims premised on imposition of consecutive sentences also do not raise a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not

ordinarily raise a substantial question[.]"), ***appeal denied***, 126 A.3d 1282 (Pa. 2015); ***see also Commonwealth v. Ahmad***, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa. Super. 2006).  Thus, consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on the imposition of consecutive sentences.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2023